Dear Mr. Pefferkorn:
We are writing in reference to your request concerning the impact of the Federal Election Campaign Act amendments of 1974 on Rule X of Opelousas City Civil Service Rules and Regulations.
Rule X contains provisions against political activities by civil servants. Section 401 of Public Law 93-443 amended Title5 U.S.C. §§ 1502-1503, part of the Hatch Act which contained provisions on political activity by state and local employees ". . . whose principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency . . . ."5 U.S.C. Sec. 1501 (4). Other provisions relating to the subject in question are in the 1974 Louisiana Constitution, Article X, Section 9 which states:
 (A) Party Membership; Elections. No member of a civil service commission and no officer or employee in the classified service shall participate or engage in political activity; be a candidate for nomination or election to public office except to seek election as the classified state employee serving on the State Civil Service Commission; or be a member of any national, state, or local committee of a political party or faction; make or solicit contributions for any political party; faction, or candidate; or take active part in the management of the affairs of a political party, faction, candidate, or any political campaign, except to exercise his right as a citizen to express his opinion privately, to serve as a commissioner or official watcher at the polls, and to cast his vote as he desires.
 (B) Contributions. No person shall solicit contributions for political purposes from any classified employee or official or use or attempt to use his position in the state or city service to punish or coerce the political action of a classified employee.
 (C) Political Activity Defined. As used in this Part, `political activity' means an effort to support or oppose the election of a candidate for political office or to support a particular political party in an election. The support of issues involving bonded indebtedness, tax referenda, or constitutional amendments shall not be prohibited.
The Amendments to the Hatch Act now are silent with regard to some of the political activity which the Constitution prohibits. The Municipal Civil Service Rule is in compliance with the Constitution in banning activities enumerated in Article X, Section 9. You ask whether, in view of the liberalized Federal law, Rule X contravenes Federal provisions.
It is our opinion that Rule X is in compliance with the new Federal law. The Hatch Act as amended has struck out the provision in 5 U.S.C. § 1502 (a) (3) prohibiting a state or local officer or employee from "taking an active part in political management or in political campaigns." Title 5, Section 1502 (a) (b) of the United States Code now reads:
 Influencing elections; taking part in political campaigns; prohibitions; exceptions
(a) A State or local officer or employee may not —
 (1) use his official authority or influence for the purpose of interfering with or affecting the result of an election or a nomination for office;
 (2) directly or indirectly coerce, attempt to coerce, command or advise a State or local officer or employee to pay, lend, or contribute anything of value to a party, committee, organization, agency, or person for political purposes; or
(3) be a candidate for elective office.
 (b) A State or local office or employee retains the right to vote as he chooses and to express his opinions on political subjects and candidates.
Section 1503 of Title 5 now reads:
Nonpartisan candidacies permitted
 Section 1502 (a) (3) of this title does not prohibit any state or local officer or employee from being a candidate in any election if none of the candidates is to be nominated or elected at such election as representing a party any of whose candidates for Presidential elector received votes in the last preceding election at which Presidential electors were selected.
There is nothing in Rule X of the Louisiana Constitution which conflicts with the Hatch Act as it now reads. While the prohibitions in the State rules are stricter than the Federal law, they do not conflict with it. Therefore, the State rules may stand as long as they do not violate any fundamental right. Voting has been held to be a fundamental right. Political activity, in general, has not.
A United States Supreme Court case, Garner v. Board ofPublic Works, 341 U.S. 716, 721, 71 S.Ct. 909, 913 95 L.Ed. 317,reh. den., 72 S.Ct. 21, 342 U.S. 843, 96 L.Ed. 637 (1951) stated:
 This Court has held that Congress may reasonably restrict the political activity of federal civil service employees [to protect the integrity and competency of the service], United Public Workers v. Mitchell, 1947, 330 U.S. 75, 102-103, 67 S.Ct. 556, 570, 571, 91 L.Ed. 751, and a State is not without power to do as much.
It is our conclusion that where an employee is both a member of a local classified civil service, and is employed in connection with an activity financed in whole or in part by Federal loans or grants, he must comply with the Hatch Act and the local civil service rules.
It is our opinion, therefore, that Rule X of the Opelousas Civil Service Rules and Regulations applies to all state employees including those who are subject to the provisions of the Hatch Act.
If we can be of any further assistance, do not hesitate to call upon our office.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: _______________________________ KENDALL L. VICK Assistant Attorney General
KLV:ab